IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| LANCE HOUSE | § § § § | |
| Plaintiff | | |
| v. | § § | CIVIL ACTION NO. 6:11cv227 |
| PALESTINE I ENTERPRISES, LLC d/b/a GREENBRIER NURSING AND REHABILITATION CENTER OF PALESTINE | § § § § § § | JUDGE _____ JURY DEMANDED |
| Defendant | § | |

## COMPLAINT

Comes now Plaintiff Lance House, who for his Complaint states as follows:

**I**

### Preliminary Statement

1. Plaintiff Lance House, who was discharged because of his disability and perceived disability, commences this action pursuant to the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008, 42 U.S.C. §12101 *et seq.,* commonly referred to as the ADA which prohibits in relevant part employment discrimination based on disability and perceived disability.

2. Plaintiff House seeks back-pay, reinstatement, restoration of lost benefits, compensatory damages and punitive damages together with statutory attorney fees as

authorized by 42 U.S.C. §12117 which provides in relevant part that ADA victims have the same remedies available that are available to Title VII victims.

## II

## Jurisdiction

3. Jurisdiction over Plaintiff House's ADA claim is conferred on this Court by 42 U.S.C. §12117(a) which makes the Federal Court jurisdiction provided by 42 U.S.C. §2000e-5(f)(3) applicable to ADA cases. The Court also has federal question jurisdiction pursuant to 28 U.S.C. §1331 because this action arises under federal law.

## III

## Parties

### Plaintiff

4. Plaintiff Lance House is a citizen of the United States and a resident of Anderson County Texas.

### Defendant

5. Defendant Palestine I Enterprises, LLC d/b/a Greenbrier Nursing and Rehabilitation Center of Palestine [hereafter Defendant Palestine Enterprises] is a corporation located in Palestine, Texas. Defendant Palestine Enterprises' agent for process is Robert C. Wiegand, 1201 Elm St., Suite 1700, Dallas, Texas 75270.

## IV

## **Procedural History**

6. Plaintiff House filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission [hereafter EEOC] on Mach 1, 2010. The EEOC issued a Right-to-Sue letter on May 4, 2011.

## V

## **Facts**

### **Background**

7. Defendant Palestine Enterprises is and was at all times relevant hereto an employer as defined by the ADA. Specifically, Defendant Palestine Enterprises has had 20 or more employees during each working day continuously during the current and preceding calendar years and otherwise satisfies the definition of employer as that term is defined by the ADA.

8. Defendant Palestine Enterprises is and was an industry involved in interstate commerce at all times relevant hereto.

9. Plaintiff House was and is a covered individual and satisfies the definition of employee as set out by the ADA at all times relevant hereto.

10. Plaintiff House has an actual disability as that term is defined by the ADA which adversely effects one or more major life activities. Specifically, he suffers from Polycystic Kidney Disease and takes in-home Peritonel Dialysis each night.

**What Happened**

11.     Plaintiff House began working for Defendant Palestine Enterprises as Administrator on August 14, 2007.  He was still Administrator at the time of his termination on January 15, 2010.

12.     Plaintiff House was a good and faithful employee and did a good job.

13.     Plaintiff House started dialysis at the hospital in early March 2009 and started dialysis at home on March 20, 2009.

14.     Defendant Palestine Enterprises failed to accommodate Plaintiff House's actual and perceived disability.

15.     Plaintiff House was terminated on January 15, 2010 because of his actual and perceived disability.

16.     Plaintiff House was replaced by a lady from Amarillo who does not have an actual or perceived disability.

**Relief Requested**

17.     Defendant Palestine Enterprises' wrongful acts and omissions as set out above are a proximate cause of Plaintiff House's damages including lost income, lost benefits, mental pain and suffering, emotional distress, humiliation and embarrassment. Plaintiff House seeks compensatory damages, punitive damages, reinstatement and statutory attorney fees.

18. Defendant Palestine Enterprise's acts and omissions as set out above are willful, wanton, reckless, intentional, and malicious rendering the appropriate the award of punitive damages.

## VI

## Cause of Action

19. Defendant Palestine Enterprises' acts and omissions set out above amount to an intentional violation of the ADA as amended by the ADA Amendments Act of 2008. Therefore, Plaintiff House is entitled to equitable relief, compensatory damages, punitive damages, and a reasonable attorney fee as authorized by the ADA as amended by the ADA Amendments Act of 2008.

## VII

## Jury Demand

20. Plaintiff House demands a trial by jury on all issues so triable.

## VIII

## Prayer for Relief

WHEREFORE PLAINTIFF LANCE HOUSE PRAYS THAT THIS HONORABLE COURT:

    a.    Enter judgment against Defendant Palestine I Enterprises, LLC in behalf of Plaintiff Lance House for compensatory damages in the amount of $300,000.00 on the ADA claim except to the extent that this amount exceeds the "applicable cap";

b. Enter judgment against Defendant Palestine I Enterprises, LLC in behalf of Plaintiff Lance House for punitive damages as allowed by the ADA in an amount sufficient to punish Defendant Palestine I Enterprises, LLC for its misconduct in the case at bar and an amount sufficient to deter Defendant Palestine Enterprises, LLC from doing the same thing to somebody else;

c. Enter an injunction against Defendant Palestine I Enterprises, LLC in behalf of Plaintiff Lance House requiring Defendant Palestine I Enterprises, LLC to reinstate Plaintiff Lance House and further requiring Defendant Palestine I Enterprises, LLC to reasonably accommodate Plaintiff Lance House's disability;

d. Grant Plaintiff Lance House a trial by jury on all issues so triable; and

e. Grant Plaintiff Lance House any and all additional relief to which he may be entitled to, including pre-judgment interest, post-judgment interest, a reasonable attorney fee and costs.

Respectfully submitted,

/s/ *Curtis B. Stuckey*
Curtis B. Stuckey,
Attorney for Plaintiff House
Bar Card No. 19437300

Stuckey, Garrigan & Castetter
Law Offices
2803 North Street/P.O. Box 631902
Nacogdoches, Texas 75963-1902
(936) 560-6020/FAX: 560-9578
tonitomlin@yahoo.com